OPINION
Plaintiff-appellant Robert Baumgardt, and third party defendant-appellant John Baumgardt, appeal the April 24, 2000 Judgment Entry of the Fairfield County Municipal Court which found appellant John Baumgardt liable for damages to defendant-appellee Melvin Hatton's vehicle.
 STATEMENT OF THE CASE AND FACTS
This case arises out of a two-car motor vehicle collision involving John Baumgardt and appellee. On March 1, 1990, John was driving a dark red 1982 GMC Sierra southbound on St. Rt. 158 in Fairfield County, Ohio. The truck belonged to John's uncle, appellant Robert Baumgardt. John towed a trailer on the back of the truck.
As John approached his driveway directly off of St. Rt. 158, he slowed down and turned on the truck's emergency flashers. He pulled just past the driveway, and allowed traffic to clear before he started backing the trailer into the driveway. John testified he started to back the trailer off the road only after he could see no traffic behind him. However, in order to back the trailer into the driveway, John blocked the southbound lane of St. Rt. 158. John took no actions to warn oncoming traffic other than the truck's emergency lights.
Before John finished backing the trailer and truck into the driveway, appellee, also southbound on St. Rt. 158, collided with the GMC Sierra. At trial, appellee testified his headlights illuminated appellant's vehicle, but appellee was unable to stop in time to avoid the collision.
On May 27, 1999, Robert Baumgardt filed a complaint in the Lancaster Municipal Court, Small Claims Division. This complaint alleged appellee struck Robert's truck and damaged the vehicle.
On June 18, 1999, appellee filed a Motion to Transfer the case from the Lancaster Municipal Court, Small Claims Division, to the Lancaster Municipal Court, Regular Division. In a June 21, 1999 Entry, the trial court granted appellee's motion.
On June 21, 1999, appellee filed his answer to Robert Baumgardt's complaint, a third party complaint against John Baumgardt and a counterclaim against Robert Baumgardt. The third party complaint alleged John was negligent in the operation in the motor vehicle and was the proximate cause of the damages referenced in Robert Baumgardt's original complaint. The third party complaint also alleged, in the alternative, John was the concurrent and proximate cause of the accident, and therefore, appellee was entitled to contribution. Finally, appellee alleged John's negligence caused property damage to appellee's vehicle.
In his counterclaim, appellee alleged negligent entrustment and respondent superior liability against appellant Robert Baumgardt.
In a March 7, 2000 Agreed Entry, the trial court added appellee's insurance company, State Farm Mutual Automobile Insurance Company, as the real party in interest as it related to appellee's property damage claim.
On March 22, 2000, the matter proceeded on a trial to the court. Just prior to trial, the parties stipulated to the amount of damages. Appellee's counterclaims against Robert Baumgardt were dismissed. Accordingly, the only matter for determination at trial was the issue of liability between appellee and John Baumgardt. In its judgment entry, the trial court stated:
 The testimony before the Court reflected that Defendant, John Baumgardt did not take reasonable steps to insure that on-coming southbound traffic was aware that he had stopped and/or was backing his large dark colored vehicle on SR 158. Further, Defendant, Melvin Hatton was driving his vehicle in a lawful manner as he was driving south on SR158 at the time of this accident.
 Therefore, the conclusion supported by the evidence is that Defendant, John Baumgardt was the sole, proximate cause, of all of the damaged that occurred on the night of March 1, 1999 on State Route 158, in Fairfield County, Ohio and judgment is rendered accordingly * * *
April 24, 2000 Judgment Entry.
It is from this judgment entry appellants prosecute their appeal, assigning the following error:
 THE TRIAL COURT'S JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 I
In his sole assignment of error, appellants maintain the judgment of the trial court was against the manifest weight of the evidence and contrary to law. Specifically, appellants maintain appellee violated the assured cleared distance statute, and failed to provide adequate illumination for his vehicle. Further, appellants argue any motorist driving after dark on a public highway, who fails to see and subsequently collides with a discernable static object is negligent as a matter of law. We disagree with appellant's contentions, and find the trial court's decision was supported by competent, credible evidence.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
We find the trial court had ample, competent, credible evidence to support its conclusion appellant John Baumgardt, was the sole, proximate cause of the collision, notwithstanding appellant's assertions appellee breached his standard of care in failing to maintain an assured cleared distance or in failing to discern the truck in the roadway.
We note appellant took no steps to alert oncoming traffic of the presence of his vehicle. It was dark at the time of the accident and there was no light and lamp post to illuminate the roadway. The truck was dark red and appellant had made no attempt to make the truck or trailer visible to passing motorists by using a flashlight, flare, flag or reflective device. This support the trial court's conclusion appellant's truck was not discernable.
At all relevant times, appellee was proceeding in a lawful fashion. In fact, appellee testified his attention was completely on the road and he was driving 5 mph below the posted speed limit. Appellee was using the headlights on his car but was unable to discern appellant's truck in his path until the truck was 50 to 60 feet ahead of him. Appellee's wife, Peggy Hatton, testified her attention was on the road and yet she did not see the truck until after the collision.
We find this sufficient, competent, credible evidence to support the trial court's decision. Accordingly, appellant's sole assignment of error is overruled.
The April 24, 2000 Judgment Entry of the Fairfield County Municipal Court is affirmed.
Hoffman, J.
Gwin, P.J. and Wise, J. concur
 JUDGMENT ENTRY
CASE NO. 00CA31
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court is affirmed. Costs assessed to appellants.